O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DIANE BEALL fka TEMPLIN, | ) | Case No. EDCV 13-01621 DDP (DTBx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, doing business as Fannie Mae, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

Presently before the court is Defendants Federal National Mortgage Association ("Fannie Mae") and Ocwen Loan Servicing LLC (collectively, "Defendants")'s Motion to Dismiss, in which Defendant Quality Loan Service Corporation joins.[1]  Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I.   Background**

In July 2003, Plaintiff executed a Promissory Note and obtained a home loan, secured by a Deed of Trust in favor of

---

[1] Onewest Bank FSB is not named as a defendant, but is described and referred to in the body of the Complaint. (See, e.g., Complaint ¶¶ 1, 8, 14.)

Indymac Bank FSB. (Complaint ¶ 11.)  Soon after, Fannie Mae acquired the Note and Deed. (Compl. ¶ 12.)  In March 2009, Onewest Bank FSB ("OneWest") acquired the loan servicing rights. (Id. ¶¶ 14-15.)

In May 2010, Defendant Quality Loan Service Corporation recorded a Notice of Default.[2]  In August 2010, Quality Loan recorded a Notice of Sale.  Plaintiff alleges, however, that no Defendant has any authority to collect on or service her loan, or to foreclose on her property. (Compl. ¶ 166.)

In September 2010, soon after Quality Loan recorded the Notice of Sale, Plaintiff filed an action in the United States District Court for the Southern District of California. See Beall v. Quality Loan Serv. Corp., No. 10-CV-1900 AJB, 2011 WL 2784594 (S.D. Cal. Jul. 15, 2011) ("Beall I").  Plaintiff alleged twenty causes of action related to the pending foreclosure. Id. at *1.  After extensive motion practice, and having allowed Plaintiff to amend her claims twice, the Beall I court dismissed all of Plaintiff's causes of action with prejudice, including claims for violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act, California Business and Professions Code Section 7200, California Civil Code Section 2923.5, and wrongful foreclosure, fraud, quiet title, and declaratory relief. (Beall I, Dkt. Nos. 14, 15, 50, 51.)

---

[2] Though the Complaint names Quality Loan Service as a Defendant, it makes no further mention of Quality Loan Service. Quality Loan recorded the Notice of Default in its capacity as agent for the Beneficiary, OneWest, and was later substituted in as Trustee by OneWest. (Defendant's Request for Judicial Notice Exs. 3, 4.)

2

1         On April 4, 2012, Plaintiff filed another complaint, this time in Riverside County Superior Court.  See Beall v. Quality Loan Serv. Corp., No. EDCV 12-601 DDP, 2013 WL 1294516 (C.D. Cal. Mar. 28 2013) ("Beall II".)  OneWest, a named defendant in Beall II, removed the action to this court.  Id. at *1.  Plaintiff's amended complaint in Beall II, like the Beall I complaint, alleged several causes of action related to the pending foreclosure.  Id. at *1 n.2.  On OneWest's Motion to Dismiss, this court concluded that Plaintiff's Beall II claims had been or should have been brought in Beall I, and dismissed the complaint with prejudice.  Id. at 2-3.

    Plaintiff proceeded to file this action on September 10, 2013. As in Beall I and Beall II, Plaintiff alleges that no defendant possesses an interest in her Note or Deed or has any authority to foreclose.  Unlike the previous actions, OneWest is not named as a defendant here.[3]  Moving Defendant Fannie Mae was not named in Plaintiff's prior suits.  Fannie Mae now moves to dismiss the instant complaint.[4]

///

---

[3] See note 1, supra.  As with Quality Loan, the Complaint names Ocwen Loan Servicing, LLC as a defendant, but alleges no facts related to Ocwen.  That alone would be sufficient reason to dismiss all claims against Ocwen.  Fed. R. Civ. P. 8(a).  Ocwen was not named in Beall I or Beall II. Quality Loan has been named in each of Plaintiff's three actions.  As described in note 2, supra, the Complaint here makes no substantive allegations against Quality Loan.

[4] As in Beall II, the court notes that Plaintiff, an attorney proceeding pro se, once again failed to timely oppose the instant Motion, and did not seek an extension of time or continuance of the motion.  See C.D. Cal. L.R. 7-9.  This alone warrants granting of the motion and dismissal of Plaintiff's claims.  C.D. Cal. L.R. 7-12.  Nevertheless, in the interest of deciding issues on the merits, the court has once again considered Plaintiff's late-filed opposition.

3

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make a "short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Id. 678 (quoting Twombly, 550 U.S. at 555).

**III. Discussion**

Fannie Mae first argues that, even accepting Plaintiff's allegations as true, all of Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S.

4

90, 94 (1980). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Id.

Fannie Mae was not a party to either Beall I or Beall II. California courts find privity between nonparties and prior parties where "the nonparty has an identity of interest with, an adequate representation by, the party in the first action and the nonparty should reasonably expect to be bound by the prior adjudication." City of Martinez v. Texaco Trading & Transp., Inc., 353 F.3d 758, 764 (9th Cir. 2003) (internal quotation and citation omitted). Fannie Mae contends that it is in privity with OneWest, which, though not named here, was a defendant in the prior actions.[5]

Though Fannie Mae was not named in Plaintiff's prior suits. the Complaint here alleges that Fannie Mae acquired Plaintiff's Promissory Note and Deed of Trust in 2003. (Complaint ¶ 3.) In Beall I and Beall II, Plaintiff brought a cause of action to Quiet Title, seeking "a judicial decree and order declaring Plaintiff to be the title owner of record of the property . . . and voiding any liens or encumbrances upon the property created by Defendants or their putative predecessors." (Beall II Complaint, ¶ 178.)

Fannie Mae argues, and Plaintiff does not dispute, that had Plaintiff prevailed in an earlier action, the judgment, quieting title to the property at issue here, would have bound Fannie Mae and extinguished its interest in Plaintiff's Note and Deed. Fannie

---

[5] See note 1, supra.

5

Mae is, therefore, in privity with the <u>Beall I</u> and <u>Beall II</u> defendants. <u>City of Martinez</u>, 353 F.3d at 764. Though Plaintiff appears to dispute the privity relationship, the basis for her position is unclear. (Opposition at 2 ("Defendants . . . were not parties to the suit or in privity with a party. They were in privity with [Fannie Mae]. . . . So the doctrine of Res Judicata simply fails.")) The privity element of the res judicata analysis has been met.

Plaintiff also appears to dispute that Fannie Mae's ownership of the Note and Deed were raised or determined in prior proceedings. (Opp. at 2 ("Res judicata is inapplicable as the claims are related to the ownership of a Fannie Mae Trust which was not litigated in any way or fashion.")) The thrust of Plaintiff's opposition appears to be that this case involves ownership questions regarding an entity not named in the complaint, the "Fannie Mae Trust" or "Fannie Mae as Trustee ('FMT')." As described above, however, the Complaint alleges that Fannie Mae acquired Plaintiff's loan and, as discussed above, that interest was placed at issue by Plaintiff's prior quiet title claims. (<u>See also</u> Defendant's Request for Judicial Notice, Ex. A ("Plaintiff's Notice to Court that Plaintiff's Loan is Owned By Fannie Mae and Not OneWest." (<u>Beal I</u> Dkt.11)).)

Plaintiff's claims are barred by res judicata. Fannie Mae is in privity with the defendants in Plaintiff's earlier cases, and the issues in this case were raised, or could have been raised, in those cases.

///

///

6

**IV. Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED. The Complaint is dismissed with prejudice.

IT IS SO ORDERED.

Dated: July 30, 2014

DEAN D. PREGERSON
United States District Judge